IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                No. CR 12-0944 RB

PETER JOHN ZAYAS, and
SOPHIA MONIQUE ZAYAS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

The eight-count indictment against Defendants Peter John Zayas and Sophia Monique Zayas charges multiple counts of child abuse and neglect over a period of several months, as to one child, and several years, as to another. Because the time periods specified in the counts overlap and because the counts provide no detail beyond the time period, place, and alleged crime, Ms. Zayas moved for a bill of particulars on September 11, 2012. (Doc. 46). On that same day, she filed a motion requesting that the Court dismiss the indictment as multiplicitous and duplicitous. (Doc. 45). Mr. Zayas joined the motions on October 9, 2012, with the Court's authorization. (Docs. 54-57). The United States responded, asking the Court to find the motion for bill of particulars moot and to deny the motion to dismiss after providing more detailed information about the injuries that underlie each count. (Docs. 51 & 53).

The Court agrees with the Defendants that the indictment fails to sufficiently advise them of the conduct underlying each charge and alleges two separate offenses in each count. However, the Court does not find Counts 1-7 multiplicitous. Accordingly, Defendants' motion to dismiss shall be granted and the Superseding Indictment shall be dismissed as impermissibly duplicitous. The motion for bill of particulars shall be denied as moot.

I. **Background**

In 2007, Mr. and Mrs. Zayas had two young children and resided, along with Mrs. Zayas' grandmother, on Holloman Air Force Base in Otero County, New Mexico. (Doc. 51 at 1-2, 4). However, as the Government describes it, theirs was far from a happy home. (*See id.* at 1-5). The Zayases younger child was born on August 16, 2007 and died on October 22, 2007. (*See* Doc. 35 at 1-2). Over the course of her nine-and-a-half week life, the Government alleges that Mr. and Mrs. Zayas perpetrated seven separate counts of negligent or intentional child abuse against her resulting in varying degrees of harm, up to and including her death. (*Id.* at 1-4). The remaining count of the indictment charges Mr. and Mrs. Zayas with neglecting their older child from the date of her birth, September 21, 2005, through November 3, 2007. (*Id.* at 5).

Each count of the indictment states the location of the alleged crime (Holloman Air Force Base), a date range during which the alleged crime occurred, and the relevant language of the statute. For the seven counts relating to the younger child, the date ranges often overlap. Count 1 alleges intentional and negligent child abuse between October 21 and 22, 2007, that resulted in death. Counts 2 and 3 charge intentional and negligent child abuse between October 1 and 21, 2007, that resulted in great bodily harm. Count 4 charges intentional and negligent child abuse between August 16 and October 8, 2007, that resulted in great bodily harm. Counts 5 through 7 charge intentional and negligent child abuse not resulting in great bodily harm occurring over different time periods, or between October 1 and 15, 2007, October 14 and 20, 2007, and October 20 and 22, 2007, respectively. As to the remaining count relating to the older child, the date range exceeds two years and the alleged child neglect was done both intentionally and negligently.

The Defendants' motion for bill of particulars states that the indictment fails to advise them of what acts or omissions they allegedly committed that would constitute child abuse as to the younger child and what acts or omissions they allegedly committed and when they committed them as to the older child. (Doc. 46). The Defendants request that the bill of particulars describe with particularity the acts or omissions that the United States claims amount to child abuse. (*Id.* at 4). The Defendants' motion to dismiss multiplicitous and duplicitous charges asserts that all counts of the indictment are duplicitous in that they combine the offenses of negligent and intentional child abuse and that all counts relating to Jane Doe 1 are multiplicitous in that the counts do not show that the alleged acts of child abuse occurred in separate episodes. (Doc. 45). The Defendants ask the Court to dismiss every count of the indictment as duplicitous and Counts 1-7 as multiplicitous. (*Id.* at 5).

In response to the motion for bill of particulars, the United States provided additional detail supporting each count of the indictment. (Doc. 51). While it did not state acts by the Defendants, it specified the injuries to the children that serve as the basis for each count. Count 1 relates to blunt force trauma to Jane Doe 1's head; Count 2 to skull fractures inflicted prior to her death, Counts 3 and 4 to rib fractures sustained over two different periods of time; Count 5 to fractures to the radius and ulna bones; and Counts 6 and 7 to circular lesions inflicted on at least two separate dates. (*Id.* at 8-10). Count 8 relates to the diagnoses of Jane Doe 2 by the New Mexico Children, Youth and Families Department after she was removed from the home. (*Id.* at 10). The United States pointed to these additional details in its response to the Defendants' motion to dismiss and argued that, based on the injuries to Jane Doe 1, Counts 1-7 are not multiplicitous. (Doc. 53 at 6-7). In response to the Defendants' duplicity argument, the United

3

States asserted that it intends to file a second superseding indictment clarifying that intentional child abuse and negligent child abuse are alternative theories. (*Id.* at 7).

## II. Legal Standards

### a. Bill of Particulars

The Sixth Amendment to the Constitution states, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." U.S. CONST. amend. VI. In furtherance of the notice mandated by the Sixth Amendment, the Federal Rules of Criminal Procedure require an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c). The indictment must also cite to the statute that the defendant is accused of violating. *Id.* "An indictment is 'generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense.'" *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983)). Sufficiency is determined by practical, not technical, considerations. *Id.* (citing *United States v. Crim*, 527 F.2d 289 (10th Cir. 1975).

When a defendant deems an indictment insufficient to provide him with adequate notice, he may move the court to order the government to file a bill of particulars. FED. R. CRIM. P. 7(f). A bill of particulars is designed to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *Dunn*, 841 F.2d at 1029. However, a bill of particulars is not necessary "if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)

4

(quoting *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)). A bill of particulars is not a discovery device, so "[t]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case." *Id.* (quotation omitted) (emphasis in original). District courts have broad discretion in determining whether a bill of particulars is warranted. *Id.*; *see also Will v. United States*, 389 U.S. 90, 98-99 (1967) (citation omitted).

### b. Duplicity

The Federal Rules of Criminal Procedure allow for multiple related offenses to be charged in an indictment so long as they are charged in separate counts. FED. R. CRIM. P. 8(a). However, an indictment becomes duplicitous if it "charges the defendant with two or more separate offenses in the same count." *United States v. Haber*, 251 F.3d 881, 888 (10th Cir. 2001) (quoting *United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998)). The dangers of duplicity include that: (1) the jury could convict the defendant without unanimous agreement as to the offense; (2) the defendant could have difficulty raising a subsequent double jeopardy defense; (3) the defendant might not be properly apprised of the charges against him; (4) the defendant could be prejudiced in sentencing; (5) the scope of the defendant's appeal could be limited; and (6) the court could encounter difficulty in determining the admissibility of evidence. *Trammell*, 133 F.3d at 1354, 1354 n.1 (citing *United States v. Wiles*, 102 F.3d 1043, 1061 (10th Cir. 1996); *United States v. Blandford*, 33 F.3d 685, 699 n.17 (6th Cir. 1994)).

If the court finds that an indictment is impermissibly duplicitous, it must take one of two courses of action. It may dismiss the indictment. *United States v. Rigas*, 605 F.3d 194, 210 (3d Cir. 2010); *United States v. Aguilar*, 756 F.2d 1418, 1422 (9th Cir. 1985). Alternatively, it may require the prosecution to elect and proceed on one, but not all, of the offenses embraced in the

duplicitous count. *United States v. Hinton*, 127 F. Supp. 2d 548, 554 (D.N.J. 2000) (citations omitted); *see also Aguilar*, 756 F.2d at 1422-23 (discussing potential Fifth Amendment violation if election by prosecution functions as substantive amendment to indictment).

### c. *Multiplicity*

An indictment is multiplicitous if it includes "multiple counts . . . which cover the same criminal behavior." *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997) (citing *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992)). Although "multiplicity is not fatal to an indictment," *id.* (quotation omitted), multiplicitous counts are considered "improper because they allow multiple punishments for a single criminal offense," *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002). The test for multiplicity turns on whether a single offense or separate offenses are involved, as determined by law and fact. *See United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (citation omitted); *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999) (citations omitted).

### III. Discussion

Each count of the indictment against Mr. and Mrs. Zayas asserts jurisdiction pursuant to 18 U.S.C. §§ 7 and 13 and tracks the language of N.M. STAT. ANN. § 30-6-1(D). It includes the date ranges and location of the alleged child abuse. However, the first seven counts are substantially similar, including overlapping date ranges and no factual detail. While the indictment need not allege "in detail the factual proof that will be relied upon to support the charges[,]" *Dunn*, 841 F.2d at 1029, it must provide enough information so that the defendant is fully apprised of the alleged illegal conduct that resulted in the charges against him. Where, as here, an indictment asserts multiple counts of the same offense with little temporal distinction

6

and no factual explanation, the indictment fails to provide practical notice of the basis for each charge. The indictment against the Defendants is, therefore, inadequate.

The United States' response essentially acknowledged that the indictment provides too little information to apprise the Defendants of the distinctions between the counts. The Government provided details to clarify the basis for each separate count of child abuse, but it is not clear that the Government would feel compelled to amend their response should their theory as to each count change. The lack of clarity in the indictment could also lead to confusion at trial. However, because the Superseding Indictment shall be dismissed, as discussed below, the Defendants' motion is moot.

The multiplicity about which the Defendants complain is cured by the additional detail that the United States provided in its response. The New Mexico law criminalizing child abuse "permit[s] multiple convictions of child abuse . . . when each conviction is supported by evidence indicating that: (1) a single abusive act or a continuous series of abusive acts was interrupted and then another act or series was commenced, and (2) each separate act or series of acts was accompanied by the requisite unlawful conduct." *State v. Pierce*, 792 P.2d 408, 418 (N.M. 1990). So long as the prosecution presents evidence that the injuries to the child occurred at different periods of time or otherwise resulted from separate episodes, the jury may convict on multiple counts of child abuse. *Id.* at 417. In its response to the motion for bill of particulars, the United States included the injuries to Jane Doe 1 and its expert's estimate as to when each injury or set of injuries occurred. That information supports seven separate counts of child abuse as to Jane Doe 1, and the Defendants' request that Counts 1-7 be dismissed as multiplicitous is denied.

The duplicity that the Defendants have pointed out in the indictment, however, cannot be cured by additional details. The law in New Mexico is clear: intentional child abuse and

negligent child abuse, as those phrases are used in N.M. STAT. ANN. § 30-6-1(D), constitute two separate offenses. *Garcia v. State of N.M.*, 237 P.3d 716, 720 (N.M. 2010) (citations omitted). Negligent child abuse is not a lesser included offense of intentional child abuse. *State v. Schoonmaker*, 176 P.3d 1105, 1118 n.4 (N.M. 2008)); *State v. Davis*, 212 P.3d 438, 441 (N.M. Ct. App. 2009) (citing N.M. STAT. ANN. § 30-6-1(D)). Thus, if the Government intends to seek a conviction for intentional child abuse or, in the alternative, negligent child abuse, it must charge both offenses separately. *Garcia*, 237 P.3d at 720 (citation omitted).

In each count of the indictment, the United States included both intentional and negligent child abuse; it failed to charge the offenses separately and in the alternative. It is amply clear that all counts of the Superseding Indictment are impermissibly duplicitous. The United States does not disagree. (*See* Doc. 53 at 7). Instead, it merely asserts that it intends to file a superseding indictment to remedy the problem. It has yet to do so.

Because the indictment is duplicitous, the Court must fashion an appropriate remedy. The United States apparently intends to proceed on theories of both intentional and, as an alternative, negligent child abuse, so election is not a viable remedy. The sole option, then, is dismissal. The Court, therefore, grants the Defendants' motion to dismiss the present indictment as duplicitous. The Superseding Indictment is dismissed without prejudice.

**THEREFORE,**

**IT IS ORDERED** that the Defendants' motion for bill of particulars (Doc. 46), filed September 11, 2012, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Defendants' motion to dismiss (Doc. 45), filed September 11, 2012, is **GRANTED** in that the Superseding Indictment is impermissibly duplicitous. It is, therefore, dismissed without prejudice.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE